UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL HORTA SUAREZ,

                Plaintiff,

-against-

CAPITAL ONE BANK NA/FC; SANTANDER
BANK NA (USA); BANK OF AMERICA
NA/CORP,

                Defendants.

22-CV-568 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction and diversity jurisdiction, claiming that he has been improperly denied tax refunds. By order dated February 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without payment of filing fees.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff, who is a Florida resident, filed this complaint against three banks — Capital One Bank, Bank of America, and Santander Bank. Plaintiff's complaint consists largely of citations to scattered provisions of the Code of Federal Regulations, the United States Code; the "Federal Reserve Operating Circular No. 3," and the Uniform Commercial Code. Plaintiff also asserts constitutional claims under 42 U.S.C. §§ 1981 and 1983, and he seeks mandamus relief under 28 U.S.C. § 1651. (ECF 6-25.)[1]

The complaint sets forth the following facts. Between November 8, 2021, and November 21, 2021, Plaintiff contacted Defendants seeking to:

> collect[] IRS withheld taxes by submitting Payment Orders (U.C.C. § 3-103), completing presentment of Banking/Financial instruments or items for collection or payment, and using the services of Banking Financial Institutions with the objective of gaining access to financial services needed for the completion of the aforementioned actions.

(*Id.* at 26.)

> Despite Plaintiff's
>
> repeated visits, phone calls, and requests with indication of the banking services' needs for the execution of payment orders, collection and presentment of Banking/Financial Items or Instruments; and even signaling to the mentioned institutions' representatives of the available procedural, statutory, and banking regulations for the provisions of the services; the officers plainly informed to Petitioner/Plaintiff that they were unable or unwilling to assist Plaintiff in the completion of the requested services. By doing so the officers of the aforementioned institutions, named as defendants in this action, engaged in Noncompliance or violations of Federal Reserve Regulations and Operating

---

[1] Citations are to the Court's Electronic Case Filing (ECF) pagination.

> Circulars; Unlawful/Wrongful Dishonor of Instruments (Banking/Financial Items); Wrongful Rejection of Payment Orders under Uniform Commercial Code (U.C.C.); and Denial of Services, Creation of Artificial Services or Price barriers, Unconscionable Acts or Practices, and Unfair or Deceptive Acts or Practices in the Conduct of Business Trade or Commerce under 15 U.S. Code Chapter 1— MONOPOLIES AND COMBINATIONS IN RESTRAINT OF TRADE.

(*Id.* at 28.)

Plaintiff seeks mandamus relief for Defendants' alleged "wrongful objection of payment orders," "denial of services," "deceptive acts and practices," violations of his property interest in his "IRS tax refund," bad faith, and undue interference with his "business and economic interests." (*Id.* at 32.) According to Plaintiff, the amount in controversy is $100,000,000. (*Id.* at 16.) Since filing the complaint, Plaintiff has filed a number of motions seeking, among other relief, $500,000 in "prejudgment relief," and to "give notification of proposal to accept collateral under § 9-621." (ECF 2-10, 14-22.)

Plaintiff has previously filed two mandamus actions against the IRS seeking to recoup what he characterizes as improperly withheld tax refunds. In *Horta Suarez v. IRS,* No. 1:21-CV-10879, 15 (S.D.N.Y. Jan. 31, 2022) (*Horta Suarez I*), which remains pending, this Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. In *Horta Suarez v. IRS*, No. 21-CV-22542 (S.D. Fla. Aug. 29, 2021), *reconsid. denied* (Nov. 15, 2021) (*Horta Suarez II*), Plaintiff filed a complaint against the IRS, H&R Block, and R&R Accounting Services, alleging an amount in controversy of $500,000,000 for "Adjustment of Taxes and Demand for Payment Refund." The order dismissing that action for failure to state a claim noted that the complaint "cites a list of federal and state statutes but does not set forth sufficient information to state a violation." *Id.*

## DISCUSSION

**A.     Mandamus relief**

The federal district courts have jurisdiction of "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is, however, a drastic remedy that should be used only in extraordinary circumstances. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *Kerr v. United States Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Such relief is only available upon a showing that: "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to . . . the [relief] is clear and indisputable, and (3) the [relief] is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (internal quotation marks and citation omitted, first alteration in original). Because Plaintiff has not sued any officer, employee, or agency of the United States in this action and has failed, in any event, to show that he is has a clear and indisputable right to the relief he seeks, his application for mandamus relief is denied.

**B.     Federal claims**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing B*ell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint is not short and plain, and it fails to suggest that Plaintiff has a plausible claim for relief under the Court's federal question jurisdiction, 28 U.S.C § 1331. The complaint consists almost entirely of legal citations and conclusory assertions without providing facts showing that Plaintiff can state a claim under any of the legal authority to which he refers. In fact, the Court cannot discern any claims that Plaintiff is attempting to assert against the named Defendants. The complaint is bereft of any facts suggesting that Defendants violated his rights under any federal law or subjected him to discriminatory treatment. In short, Plaintiff has failed to provide a short and plain statement showing that he is entitled to relief. The Court therefore concludes that Plaintiff's allegations fail to state a federal claim because they do not allow a court "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court notes that Plaintiff asserted in *Horta Suarez I* and *II* that the government improperly withheld income taxes or tax refunds to which he was entitled, but Plaintiff now alleges in this complaint, without any factual support, that three banks are liable for the withholding his tax refunds. Should Plaintiff choose to file an amended complaint in *Horta Suarez I*, he may, consistent with Federal Rules of Civil Procedure 8 and 15 and the Court's

5

January 31, 2022 order, add defendants and provide facts in support of his claim that he has been wrongfully denied tax refunds by either the government or some other entity.

C.	**Diversity and supplemental jurisdiction**

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that she and the defendant are citizens of different states, and, to a "reasonable probability," that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff alleges that he and Defendants are diverse, but he does not allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

There is in this Circuit "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). But where a complaint does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order)); *Adams v. Netflix HQ*, No. 17-CV-1468, 2017 WL 6618682, at *2 (D. Conn. Sept. 18, 2017) ("The complaint . . . 'must allege facts in a non-conclusory

manner that plausibly establish grounds for relief.'" (quoting *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016)).

Plaintiff does not provide facts plausibly suggesting that the amount in controversy in this action exceeds $75,000.00. Plaintiff seeks $100 million in damages for claims that do not bear any obvious connection to his allegations. It therefore appears that the Court lacks diversity jurisdiction of this action. *See* Fed. R. Civ. P. 12(h)(3).

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

Because the complaint fails to state a federal claim, and the Court lacks diversity jurisdiction of the action, the Court declines to exercise its supplemental jurisdiction of any state law claims that Plaintiff may be seeking to assert.

**D.     Leave to amend and warning**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*,

514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

In addition to *Horta Suarez I* and *II*, Plaintiff has filed three other cases that were dismissed on the court's own motion. *See Horta Suarez v. IBM*, No. 21-CV-23296 (S.D. Fla. Nov. 29, 2021) (dismissing for failure to state a claim a complaint asserting employment discrimination claims against more than 60 "unrelated corporate Defendants," including Capital One and Bank of America); *Horta Suarez v. CFTC,* ECF 1:18-CV-2983, 5 (CM) (S.D.N.Y. Apr. 20, 2018) (dismissing complaint for failure to state a claim and on immunity grounds), 18-1511 (2d Cir. Jan. 4, 2019) (dismissing appeal as frivolous because it "lack[ed] an arguable basis in law or in fact."); *Horta Suarez v. Patak Trading Partners, LLC,* No. 17-CV-4691 (N.D. Ill. Sept. 26, 2017) (dismissing complaint filed under the court's diversity jurisdiction for lack of subject matter jurisdiction).

In light of his litigation history, the Court finds that Plaintiff was or should have been aware when he filed this action that the complaint failed to state a claim on which relief may be granted. Plaintiff is warned that further duplicative or meritless litigation in this Court may result

in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367.

All outstanding motions are denied, and the Clerk of Court is directed to terminate them.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff consents to electronic service. (ECF 5).

SO ORDERED.

Dated:   March 7, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge